# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JERRY L. HARRIS,

    Petitioner,

v.

SANDRA CARTER,

    Respondent.

CASE NO. C05-885JLR

ORDER

## I. INTRODUCTON

This matter comes before the court upon the Report and Recommendation ("R&R") (Dkt. # 51) of the Honorable Brian A. Tsuchida, United States Magistrate Judge, on Petitioner Jerry L. Harris's petition for writ of habeas corpus under 28 U.S.C. § 2254. Judge Tsuchida recommends denying Mr. Harris's petition and dismissing his action with prejudice. Having reviewed the R&R, Petitioner's objections (Dkt. # 52) and statement of supplemental authority (Dkt. # 53), and the balance of the record in this case, the court ADOPTS the R&R, with limited modifications as described herein.

## II. BACKGROUND & ANALYSIS

Mr. Harris was convicted by a jury in Washington State court in 1996 for aggravated first degree murder. He is currently serving a sentence of life imprisonment without the possibility of parole. Judge Tsuchida's R&R provides a thorough background and a procedural history, which the court incorporates by reference. Mr. Harris's habeas corpus petition presents six grounds for relief. (Mem. in Support (Dkt. #2) at 2-3.) The court adopts without modification Judge Tsuchida's R&R as to its analysis and dismissal of grounds two through six. Further, the court adopts the portion of Judge Tsuchida's R&R that addresses the portion of ground one involving Mr. Harris's Sixth Amendment right to confront witnesses in light of *Bruton v. United States,* 391 U.S. 123 (1968) and its progeny. With regard to those portions of ground one that Judge Tsuchida recommended dismissing on procedural grounds, the court concurs that dismissal is appropriate but modifies the R&R as discussed below.

A federal court may not consider the merits of a state prisoner's petition for writ of habeas corpus unless the prisoner first exhausts his available state court remedies. 28 U.S.C. § 2254(b). Judge Tsuchida found that Mr. Harris had fairly presented the portion of ground one that relates to Mr. Harris's Sixth Amendment right to confront witnesses under *Bruton* and its progeny. However, he also found that the portion of ground one relying on *Ohio v. Roberts,* 448 U.S. 56 (1980), was unexhausted because Mr. Harris had not relied upon *Roberts* in asserting his Sixth Amendment rights in state court. (R&R (Dkt. # 51) at 5-6.)

In order to fairly present, and thus exhaust, a federal claim, a petitioner must "describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Davis v. Silva,* 511 F.3d 1005, 1009 (9th Cir. 2008) (internal quotations omitted). Petitioner asserts that even if he did not raise *Roberts* before the state court, that he has nevertheless fully exhausted claim one simply by presenting the facts of his case and referring to the Sixth Amendment Confrontation Clause in his state court petitions. (Objections at 2-3.) "While the state must have the opportunity to pass upon petitioner's constitutional claim, exhaustion of remedies does not require that the state have had the opportunity to pass on the claim under the particular authorities advanced in the federal habeas court." *Hudson v. Rushen,* 686 F.2d 826, 830 (9th Cir. 1982); *see also MacFarlane v. Walter*, 179 F.3d 1131 n.9 (9th Cir. 1999), *vacated and remanded on other grounds,* 529 U.S. 1106 (2000).

Nevertheless, a petitioner does not satisfy the "fair presentation" requirement if the claim raised in the federal petition is not the "substantial equivalent" of the claim presented in the state courts. *Picard v. Connor,* 404 U.S. 270, 278 (1971). A claim is not the "substantial equivalent" of another claim, even if it arises under the same federal constitutional provision, where it is conceptually distinct. *See Gray v. Netherland,* 518 U.S. 152, 164-65 (1996). In *Gray*, the petitioner did not fairly present to the state courts his claim that the state misled him about evidence it intended to introduce, when he had

referred in state courts to a broad federal due process right and cited cases that forbid the use of secret testimony. The Supreme Court explained that the cases cited by the petitioner in state court and those he cited in federal court "arise in widely differing contexts." *Id.* at 164.

Here too, *Bruton* (which Petitioner Harris raised in state court) and *Roberts* (which he did not), while both dealing broadly with Sixth Amendment confrontation clause issues, arise in widely differing contexts. *Bruton* and its progeny specifically address the admissibility of a non-testifying co-defendant's statement at trial. Under this line of authority, the admission of such a statement creates no Sixth Amendment Confrontation Clause violation where the statement has been appropriately redacted to eliminate any reference to the defendant and is accompanied by a proper limiting instruction. *Richardson v. Marsh,* 481 U.S. 200, 211 (1987). *Roberts*, on the other hand, permitted the admission of an unavailable witness's out-of-court statement against a defendant so long as it had adequate indicia of reliability as determined by the court. *Roberts,* 448 U.S. at 66.

*Roberts* was subsequently overturned by *Crawford v. Washington,* 541 U.S. 36, 60-69 (2004), which addressed the admissibility of any testimonial hearsay in a criminal trial and requires that, in order for the statement to be admissible, the declarant must be unavailable and the accused must have had a prior opportunity for cross-examination. *Id.* at 68. *Crawford*, however, did not overrule *Bruton* and its progeny. *Crawford,* 541 U.S. at 57-58; *United States v. Lung Fong Chen,* 393 F.3d 139, 150 (2d Cir. 2004) (". . .

[W]e see no indication that *Crawford* overrules *Richarsdon* or expands the holding of *Bruton*."); *Hegney v. Vail,* No. C07-5550FDB, 2008 WL 4766816, at *23 (W.D. Wash. Oct. 27, 2008) ("Although *Crawford* heightened the standard under which a witness's statements can be admitted, it did not overrule *Bruton, Richardson,* and *Gray*."); *Bauders v. Adams,* No. EDCV 06 0189 JSL RNB, 2006 WL 2331007, at *7 (C.D. Cal. Aug. 3, 2006) ("*Crawford* did not abrogate the Court's prior holding in *Bruton* or that in *Marsh*, which found no Sixth Amendment violation when the admitted statement was not facially incriminating and a limiting instruction was given.").

Thus, the legal theory for Petitioner's claim under *Bruton* is conceptually distinct from his legal theory under *Roberts*. Because Petitioner did not provide the Washington State Supreme Court with "the operative legal theory" for a claim under *Roberts,* the court agrees with the R&R that this portion of Petitioner's claim is unexhausted. *See, e.g., Sims v. Marshall,* No. CV07-4857-AG (RNB), 2008 WL 4857957 at *9 (C.D. Cal. Nov. 6, 2008) (where petitioner cited *Bruton* and progeny to state court, but did not cite *Crawford,* the portion of his Sixth Amendment confrontation clause claim based on *Crawford* was unexhausted).

Relying on *Whorton v. Bocking,* 549 U.S. 406, 409 (2007), the R&R also states that *Crawford v. Washington,* 541 U.S. 36 (2004), is not available as a basis for habeas relief because Mr. Harris's conviction became final on May 29, 2000. (R&R at 8.) In *Whorton*, the Supreme Court held that *Crawford* does not fall within the *Teague v. Lane,*

489 U.S. 288 (1989), exception for new criminal procedure "watershed rules," and thus does not apply retroactively on collateral review. *Whorton,* 549 U.S. at 418, 421.

In his objections to the R&R, Petitioner Harris asserts that the state waived the *Teague* non-retroactivity defense by failing to raise it and by arguing that *Crawford* provides the appropriate framework for decision in this matter. (*See* Objections (Dkt. # 52) at 4-5.) According to Petitioner, the Magistrate Judge erred in *sua sponte* raising the *Teague* non-retroactivity bar to *Crawford*. (Objections at 5.)

The Supreme Court has recognized that states can waive *Teague* during the course of litigation either by expressly choosing not to rely on it, *Danforth v. Minnesota,* ___ U.S. ___, 128 S.Ct. 1029, 1046 (2008) (citing *Collins v. Youngblood,* 497 U.S. 37, 41 (1990)), or by failing to raise it in a timely manner, *Danforth,* 128 S.Ct. at 1046 (citing *Schiro v. Farley,* 510 U.S. 222, 228-229 (1994)). The Supreme Court has similarly held that state courts are not bound by the *Teague* non-retroactivity rule, but may give broader effect to new rules of criminal procedure than is required by *Teague*. *Danforth,* 128 S.Ct. at 1040-41. Accordingly, the Ninth Circuit has held, under *Danforth*, that a state court's retroactive application of *Crawford* is not error. *Delgadillo v. Woodford,* 527 F.3d 919, 926 (9th Cir. 2008) (". . . state habeas courts can elect to apply a non-retroactive new rule when considering a state habeas petitioner's claims."); *see also Garnett v. Morgan,* Nos. 08-35114 & 08-35199, 2009 WL 1448958, at *1 (9th Cir. May 22, 2009) (under *Danforth* and *Delgadillo*, Washington State court's retroactive application of *Crawford* was not error).

Nevertheless, despite possible waiver by the state, a federal court has discretion on habeas review to *sua sponte* raise the *Teague* non-retroactivity issue. *See Schiro v. Farley,* 510 U.S. 222, 229 (1994) (Although not timely raised, ". . . we undoubtedly have the discretion to reach the State's *Teague* argument. . . ."); *Caspari v. Bohlen,* 510 U.S. 383, 389 (1994) ("[A] federal court may, but need not, decline to apply *Teague* if the State does not argue it."); *Webster v. Woodford,* 369 F.3d 1062, 1067 (9th Cir. 2004) (although state had waived *Teague* issue by failing to timely raise it, court nevertheless exercised its discretion to reach the issue in the interests of judicial economy); *Albrecht v. Horn,* 485 F.3d 103, 120 (3d Cir. 2007) ("A federal court has the discretion to raise the *Teague* issue sua sponte when the State fails to raise the defense.").

Here, the court exercises its discretion to rely on *Teague* and *Whorton* in declining to apply *Crawford* retroactively despite the State's possible waiver. First, although the State did discuss *Crawford* in its analysis of Petitioner's claim, *see* Answer (Dkt. # 45) at 29-30, it also (at least perfunctorily) recited the *Teague* non-retroactivity defense, *see id.* at 26-27. Thus, it is unclear whether the State has expressly waived *Teague*. Second, "[t]he *Teague* defense promotes the interests of comity to state court adjudications and the finality of criminal judgments," *Albrecht*, 485 F.3d at 120, and this consideration also weighs in favor of applying *Teague*.

Finally, even if the court were to reach *Crawford,* its application here would be futile for Petitioner. As discussed above, *Crawford* did not overrule *Bruton* and its progeny, such as *Richardson* and *Gray*. As noted by Judge Tsuchida, the basis of the

Petitioner's Sixth Amendment claim as presented in state courts was *Bruton* and its progeny. (R&R at 6.) The court concurs with the R&R that the rulings of the state courts, that Petitioner suffered no Sixth Amendment violation under this line of authority, were not an unreasonable application of, or contrary to, clearly established federal law. (*See id.* at 9-12.)

Because there was no *Bruton* error, there would be no *Crawford* error either, even were the court to apply it retroactively. *See, e.g., United States v. Rakow,* 286 Fed. Appx. 452, 454 (9th Cir. 2008) (court denies *Crawford* violation where prior testimony of co-defendant was admitted against co-defendant, because ". . . absent *Bruton* error, *Crawford* has no work to do in this context . . . .") (citing *United States v. Johnson,* 297 F.3d 854, 856 n.4 (9th Cir. 2002); *United States v. Harris,* 167 Fed. Appx. 856, 859 (2d Cir. 2006) ("Nor does the redacted statement [which did not violate *Bruton*] raise a *Crawford* problem, . . . for the simple reason that [co-defendant's] statement was not offered against [petitioner], but only against [co-defendant]."); *United States v. Chen,* 393 F.3d 139, 150 (2d Cir. 2004) (the same factual circumstances surrounding admission of co-defendant's statement "that prevent *Bruton* error also serves to prevent *Crawford* error."); *Bolus v. Portuondo,* No. 9:01-CV-1189, 2007 WL 2846912, at *21 (N.D.N.Y. Sept. 26, 2007) ("Since this court finds no *Bruton* error, there would be no *Crawford* error, even if *Crawford* were applicable."); *United States v. Gould,* No. CR 03-2274 JB, 2007 WL 1302593, at *3 (D.N.M. Mar. 23, 2007) ("If a limiting instruction is given to the jury, a properly redacted statement of a co-defendant, one that satisfies *Bruton*. . . ,

does not raise a Confrontation Clause issue pursuant to *Crawford*. . . , because such a statement is not offered against the defendant."). Thus, the court adopts the recommendation of the R&R that *Crawford* is not available to Petitioner as a basis for habeas corpus relief.

### III. CONCLUSION

For the foregoing reasons, the court ADOPTS Judge Tsuchida's R&R (Dkt. # 51) with limited modifications as described above. Petitioner Harris's 28 U.S.C. § 2254 habeas corpus petition (Dkt. #1) is DENIED, and this action is DISMISSED with prejudice. The Court directs the clerk to send copies of this order to counsel of record and to the Honorable Brian A. Tsuchida.

Dated this 18th day of June, 2009.

_____
JAMES L. ROBART
United States District Judge